HALL, Judge.
The appellant Stephen M. Knopik challenges the final judgment of dissolution of his nine-year marriage to the appellee, Phyllis K. Knopik, who also challenges that judgment by cross-appeal. We only find merit in the appellant’s contention that the trial court abused its discretion in awarding the appellee rehabilitative alimony.
The appellee is a certified public accountant with a bachelor’s degree and a master’s degree in business administration. She was employed throughout the marriage in various financial positions. At the time of the final hearing she was working for Ka-lin Enterprises as a corporate financial officer at a salary of $50,000. In addition to her salary, the appellee receives medical and life insurance and is a member of a profit sharing plan. The appellee testified that she had no plans to leave her position with Kalin, change careers, or further her education. The appellee has shown no need for rehabilitative alimony because that type of alimony serves “to assist a divorced person in regaining a useful and constructive role in society through vocational or therapeutic training or retraining, and for the further purpose of preventing financial hardship on society or the individual during the rehabilitative process.” Mertz v. Mertz, 287 So.2d 691, 692 (Fla. 2d DCA 1974). Accord Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980).
Accordingly, we reverse that part of the amended final judgment of dissolution awarding rehabilitative alimony to the ap-pellee and remand for reconsideration of the equitable distribution award to the parties and the taxable consequences thereof in light of the elimination of the rehabilitative alimony award.
*1354 Reversed and remanded with directions consistent herewith.
SCHOONOVER, C.J., and CAMPBELL, J., concur.